## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY ANN T. VENECHANOS,   :
      Plaintiff         :     CIVIL ACTION NO. 3:14-CV-2268
                     :     (Judge Nealon)
      v.              :
                     :
GREEN TREE SERVICING, LLC;   :
X,Y,Z CORPORATIONS,        :
      Defendants        :

## <u>MEMORANDUM</u>

On November 27, 2014, Plaintiff, Mary Ann T. Venechanos, filed an

amended complaint against Defendants Green Tree Servicing, LLC ("Green

Tree") and X,Y,Z Corporations[1] alleging that Defendants violated the Fair Debt

Collection Practices Act,15 U.S.C. § 1692, et seq. ("FDCPA").  (Doc. 3).  On

March 5, 2015, Green Tree filed a motion to dismiss pursuant to Federal Rule of

---

1.    To date, Plaintiff has not supplied the names of the "X,Y,Z Corporations."
In the amended complaint, Plaintiff has only complained about the actions
of Green Tree, not any actions of "X,Y,Z Corporations."  (Doc. 3, p. 4).
Plaintiff's sole reference to X,Y,Z Corporations in her amended complaint
is:

> X,Y,Z Corporations, business identities whose identities are not
> known to Plaintiff at this time, but which will become known upon
> proper discovery.  It is believed and averred that such entities play a
> substantial role in the commission of the acts described in this
> complaint.

(Id.).  Moreover, the record does not reflect that Plaintiff has served X,Y,Z
Corporations with the amended complaint.  See FED. R. CIV. P. 4(m).

Civil Procedure 12(b)(6).  (Doc. 8).  On March 21, 2015, Plaintiff filed her brief in opposition.[2]  (Doc. 13).  On April 1, 2015, Green Tree filed its reply brief.  (Doc. 15).  For the reasons set forth below, Green Tree's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted in part and denied in part.

## I.    **BACKGROUND**

Plaintiff's amended complaint makes the following allegations: During August 2014, Plaintiff received a written communication from Green Tree entitled "'FACTS,' 'WHAT DOES GREEN TREE SERVICING LLC ("Green Tree") DO WITH YOUR PERSONAL INFORMATION'" ("Notice").  (Doc. 3, pp. 6, 20-22). The Notice indicates that Green Tree is entitled to share its customers' personal information "for joint marketing with other financial companies."  (Id. at pp. 7, 20).  The shareable personal information can include a customer's Social Security number, income, account balances, payment history, credit history, and credit scores.  (Id. at p. 20).  The Notice defines "joint marketing" as "[a] formal agreement between non-affiliated financial companies[3] that together market

---

2.    On March 25, 2015, this Court granted Plaintiff's motion for leave to file, nunc pro tunc, a response in opposition to Green Tree's motion to dismiss and accepted Plaintiff's brief as filed on March 21, 2015.  (Doc. 14).

3.    The Notice defines "non-affiliates" as "[c]ompanies not related by common ownership or control.  They can be financial and non-financial companies." (Doc. 3, p. 21).  "Non-affiliates" can include "providers of financial services

financial products or services to" the customer.  (Doc. 3, p. 21).  The Notice also

states that its customers cannot limit Green Tree's sharing of personal information

"for joint marketing with other financial companies."  (Id. at p. 20).  The Notice

does not disclose that it was sent from a debt collector.  (Id. at p. 6).

A portion of the Notice is dedicated to providing the customer with

information as to how they should contact Green Tree in order to limit its sharing

of that customer's information.  (Id. at p. 20).  Within that section, Green Tree

provides a toll free phone number that customers can call to speak with a

"customer service representative" who will "prompt you through your choice(s)."

(Id.).  Below this section, Green Tree provides the customer with a "Mail-in

Form," which is an alternative means for a customer to limit the sharing and/or use

of his/her information.  (Id.).  According to the form, it "may be mailed to: Green

Tree Servicing, LLC, Privacy Department, PO Box 6172, Rapid City, SD 57709-

6172."  (Id.).

Plaintiff's first count in her amended complaint alleges that Green Tree

violated section 1692e(11) of the FDCPA because the Notice does not disclose

that it was a written communication from a debt collector.  (Id. at pp. 5-6).

_____

or insurance, such as mortgage bankers or insurance companies and agents
and non-financial companies such as retailers, direct marketing companies
or contractors."  (Doc. 3, p. 21).

3

Plaintiff's second count alleges that Green Tree violated sections 1692c(b), 1681e, and 1692d of the FDCPA. (Doc. 3, pp. 7-8). Plaintiff claims that Green Tree violated section 1692c(b) by sharing Plaintiff's personal information "for joint marketing with other financial companies." (Id. at p. 7). Plaintiff alleges that Green Tree violated section 1692e "by making a false and misleading statement that [it] was entitled to" share Plaintiff's personal information "for joint marketing with other financial companies," and that Plaintiff "could not choose to limit that sharing of such information." (Id. at p. 8). Finally, Plaintiff claims that Green Tree violated section 1692d of the FDCPA "by engaging in harassment or abuse by stating or implying that [it] was entitled to" share Plaintiff's personal information "for joint marketing with other financial companies," and that "Plaintiff could not choose to limit the sharing of such information." (Id.).

Plaintiff makes the following requests for relief: at least one dollar ($1.00) in actual damages, one thousand dollars ($1,000.00) for statutory damages, damages for Plaintiff's frustration, confusion, and emotional distress that resulted from Green Tree's "illegal collection activity," attorney's fees, injunctive relief barring further unlawful collection activity, "a reasonable plaintiff incentive fee

for representing the class in this action, in an amount no less than $5,000.00,"[4] and

"other such relief as this Honorable Court may deem just and proper."  (Doc. 3, pp.

15-18).

## II.   **STANDARD OF REVIEW**

Green Tree's motion is brought pursuant to Federal Rule of Civil Procedure

12(b)(6).  "This rule provides for the dismissal of a complaint, in whole or in part,

if the plaintiff fails to state a claim upon which relief can be granted."

Suessenbach Family v. Access Midstream, 2015 U.S. Dist. LEXIS 40900, at *2

(M.D. Pa. Mar. 31, 2015) (Mannion, J.).  The moving party bears the burden of

showing that no claim has been stated.  Hedges v. United States, 404 F.3d 744,

750 (3d Cir. 2005).  All factual allegations are accepted as true and all inferences

are construed in the light most favorable to the non-moving party.  Kaymark v.

Bank of Am., N.A., 2015 U.S. App. LEXIS 5548, at *7 (3d Cir. Apr. 7, 2015)

(citing Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012)).

---

4.    Plaintiff's amended complaint is styled as "a class action lawsuit for
      damages brought by an individual consumer for Defendant(s)' alleged
      violations of the" FDCPA.  (Doc. 3, p. 1).  To date, the alleged class has not
      been certified pursuant to Federal Rule of Civil Procedure 23(c).  Further,
      Plaintiff failed to move for a determination under Federal Rule of Civil
      Procedure 23(c)(1), as to whether the case is to be maintained as a class
      action, within the ninety (90) day window set forth in Local Rule 23.3.
      M.D. Pa. L.R. 23.3.

"[D]ismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" Suessenbach Family, 2015 U.S. Dist. LEXIS 40900, at *2 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  The non-moving party's allegations must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 544.  "This requirement 'calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' necessary elements of the plaintiff's cause of action." Suessenbach Family, 2015 U.S. Dist. LEXIS 40900, at *2-3 (quoting Twombly, 550 U.S. at 544). "Furthermore, in order to satisfy federal pleading requirements, the plaintiff must 'provide the grounds of his entitlement to relief,' which 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  Since Plaintiff attached the Notice as an exhibit to her complaint, it will be treated as part of the pleading. Fed. R. Civ. P. 10(c).

"Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient." Id. (citing Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113,

116-17 (3d Cir. 2000)).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  <u>Alston v. Parker</u>, 363 F.3d 229, 236 (3d Cir. 2004).

## III.   <u>DISCUSSION</u>

Prior to the enactment of the FDCPA, Congress discovered "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  Further, Congress also found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  In 1977, Congress enacted the FDCPA:

> "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

<u>Douglass v. Convergent Outsourcing</u>, 765 F.3d 299, 301-02 (3d Cir. 2014) (quoting 15 U.S.C. § 1692(e)).  "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes."  <u>Caprio v. Healthcare Revenue Recovery Grp., LLC</u>, 709 F.3d 142, 148 (3d Cir. 2013).

To accomplish these goals, Congress enacted the FDCPA to create "a private right of action against debt collectors who fail to comply with its

provisions."  <u>Grubb v. Green Tree Servicing, LLC</u>, 2014 U.S. Dist. LEXIS

100886, at *9 (D.N.J. 2014) (citing 15 U.S.C. § 1692k; <u>Marx v. Gen. Revenue

Corp.</u>, 133 S. Ct. 1166, 1171 n.1 (2013); <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450,

453 (3d Cir. 2006)).  The Third Circuit Court of Appeals has stated that to prevail

on an FDCPA claim a plaintiff must prove that:

> (1) she is a consumer, (2) the defendant is a debt collector, (3)
> the defendant's challenged practice involves an attempt to
> collect a "debt" as the Act defines it, and (4) the defendant has
> violated a provision of the FDCPA in attempting to collect the
> debt.

<u>Douglass</u>, 765 F.3d at 303 (citing <u>Piper v. Portnoff Law Assocs., Ltd.</u>, 396 F.3d

227, 232 (3d Cir. 2005)).

Plaintiff claims that Green Tree violated the FDCPA on at least two (2)

separate occasions.  (Doc. 3, pp. 5-8).  First, Plaintiff alleges that the Notice sent

by Green Tree violated sections 1692d and 1692e of the FDCPA.  (<u>Id.</u> at pp. 5-8).

Second, relying on a portion of the language in the Notice, Plaintiff alleges that at

least one (1) communication, if not more, from Green Tree to an unauthorized

third party violated section 1692c(b) of the FDCPA.  (<u>Id.</u> at pp. 7-8).  Green Tree

argues that Plaintiff's claims are not actionable under the FDCPA and thus, should

be dismissed under Federal Rule of Civil Procedure 12(b)(6).  The viability of

Plaintiff's claims will be addressed seriatim below.

A.     **The Notice**

According to Green Tree, Plaintiff's claim that the Notice was sent in violation of sections 1692d and 1692e of the FDCPA should be dismissed because, inter alia, it was not a communication made in connection with the collection of a debt as required under the FDCPA.[5]  (Doc. 11, pp. 4-7).  "Each of these provisions deals with debt collectors' representations to debtors.  We analyze such communications 'from the perspective of the least sophisticated debtor.'"  McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 246 (3d Cir. 2014) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008); Brown, 464 F.3d at 454).  "This low standard 'effectuate[s] the basic purpose of the FDCPA: to protect all consumers, the gullible as well as the shrewd.'"  Id. (quoting Rosenau, 539 F.3d at 221).

Section 1692d of the FDCPA prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Section

---

5.     Green Tree also argues that Plaintiff's claims that the Notice violated sections 1692d and 1692e of the FDCPA should be dismissed because the Notice "was required by the Gramm-Leach-Bliley Act ('Gramm-Leach')." (Doc. 11, p. 7).  As discussed in more detail below, these claims will be dismissed on separate grounds and thus, no opinion is expressed regarding Green Tree's argument that the aforementioned claims should be dismissed because the Notice was required by Gramm-Leach.

1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Plaintiff alleges that Green Tree specifically violated subparagraph eleven (11) of section 1692e, which prohibits a debt collector from failing:

> to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used fo that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).  Consequently, sections 1692d and 1692e of the FDCPA require that the prohibited conduct be taken "in connection with the collection of" a debt.  15 U.S.C. §§ 1692d, 1692e.

"The [FDCPA]'s substantive provisions [] make clear that it covers conduct 'taken in connection with the collection of any debt.'"  McLaughlin, 756 F.3d at 245 (quoting Simon v. FIA Card Servs., 732 F.3d 259, 265 (3d Cir. 2013)).  Thus, the FDCPA "'does not apply to every communication between a debt collector and a debtor.'"  Everage v. Nat'l Recovery Agency, 2015 U.S. Dist. LEXIS 30329, at *16 (E.D. Pa. Mar. 11, 2015) (quoting Gburek v. Litton Loan Servicing LP, 614

F.3d 380, 384-85 (7th Cir. 2010)).  "[A] threshold requirement for application of

the FDCPA is that the prohibited practices are used in an attempt to collect a

'debt.'"  Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987)).

"Put differently, activity undertaken for the general purpose of inducing payment

constitutes debt collection activity."  McLaughlin, 756 F.3d at 245 (citations

omitted).  The Third Circuit has "cited with approval the Sixth Circuit's ruling that

'for a communication to be in connection with the collection of a debt, an

animating purpose of the communication must be to induce payment by the

debtor.'"  Everage, 2015 U.S. Dist. LEXIS 30329, at *16 (quoting Simon, 732

F.3d at 266).

    In McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240 (3d Cir.

2014), the Third Circuit addressed whether the letter at issue constituted conduct

taken in connection with the collection of a debt.  The letter in McLaughlin stated

that the defendant "is a debt collector attempting to collect a debt" and that the

information obtained by defendant "may be used for that purpose," "namely to

collect a debt."  Id. at 246.  The court also found that the letter had a "invoice-like

presentation."  Id.  Furthermore, the Third Circuit noted that the letter informed

the recipient "how to obtain 'updated . . . payoff quotes,' meaning how to obtain

current information about the amount that would have to be paid to satisfy the

11

debt." <u>McLaughlin</u>, 756 F.3d at 246.  The Third Circuit stated that:

> [i]ndeed, communications that include discussions of the status of payment, offers of alternatives to default, and requests for financial information may be part of a dialogue to facilitate satisfaction of the debt and hence can constitute debt collection activity.

<u>Id.</u> at 245-46 (citing <u>Simon</u>, 732 F.3d at 266).  However, the Third Circuit stated

that "a communication need not contain an explicit demand for payment to

constitute debt collection activity."  <u>Id.</u> at 245 (citing <u>Simon</u>, 732 F.3d at 266).

With this in mind, the Third Circuit held that the letter at issue constituted debt

collection activity because it was activity undertaken for the general purpose of

inducing payment.  <u>Id.</u> at 246.  Specifically, the court stated that:

> [i]t is reasonable to infer that an entity that identifies itself as a debt collector, lays out the amount of the debt, and explains how to obtain current payoff quotes has engaged in a communication related to collecting a debt.

<u>Id.</u>

In <u>Gregory v. Home Retention Servs.</u>, 2014 U.S. Dist. LEXIS 164769

(D.N.J. 2014), the District Court, using the standard set forth in <u>McLaughlin</u>,

addressed whether the defendant's letter qualified as a communication in

connection with the collection of a debt under the FDCPA.  <u>Id.</u> at *10-11 ("courts

focus on the communication's principal purpose") (citing <u>McLaughlin</u>, 756 F.3d at

245; <u>Simon</u>, 732 F.3d 265-67; <u>Grubb</u>, 2014 U.S. Dist. LEXIS 100886, at *15-16).

The defendant argued that because the letter at issue did not explicitly demand that

the plaintiff make a payment, it did not qualify as a communication under the

FDCPA. <u>Gregory</u>, 2014 U.S. Dist. LEXIS 164769, at *11.  The court disagreed,

and found that plaintiff had "plausibly pleaded that the Letter's principal purpose

was to collect the debt." <u>Id.</u>  In reaching this conclusion, the court noted that the

letter at issue "does explicitly state, '[t]his communication is from a debt collector

attempting to collect a debt. Any information you provide . . . will be used for that

purpose.'" <u>Id.</u>  The court also noted that the letter stated "that it aims to 'obtain a

more affordable payment for you,' and it includes what appears to be a payoff

figure: '[a]s of the date of this letter the amount necessary to bring your mortgage

current is $39,034.15.'" <u>Id.</u>

Looking to the instant circumstances, the analysis begins and ends with

whether the Notice was sent "in connection with" the collection of a debt.

<u>McLaughlin</u>, 756 F.3d at 245 ("The statute's substantive provisions [] make clear

that it covers conduct 'taken in connection with the collection of any debt.'")

(quoting <u>Simon</u>, 732 F.3d at 265).  While Plaintiff alleges that "[a]t all times

mentioned herein, [Green Tree] was attempting to collect on an alleged 'debt'

against Plaintiff, as that term 'debt' is defined by 15 U.S.C. § 1692a of the

FDCPA," (Doc. 3, p. 5), she has not offered any facts to support this conclusion. Her claims rest solely on the Notice sent by Green Tree to Plaintiff, and thus, it forms the sole basis for the analysis as to whether the Notice constitutes a communication in connection with the collection of a debt.

Consequently, the key inquiry is whether it is plausible that an animating purpose of the Notice was to induce payment. Because this case comes before this Court on a motion to dismiss, the actual purpose of Green Tree's Notice is not at issue. Rather, the issue is whether it is <u>plausible</u>, based on the facts alleged in the complaint, that one of the animating purposes of the Notice was to induce payment by Plaintiff.

Clearly, the general purpose of the Notice was to inform Plaintiff of Green Tree's privacy policy regarding its customers' personal information. (<u>Id.</u> at pp. 20-24). Because the Notice's general purpose fails to support a finding that the Notice was sent to induce a payment by a debtor, this Court must look to other plausible animating purposes, if any, of the Notice. However, looking within the four corners of the Notice, it is determined that no other plausible animating purpose can be derived and thus, it is not plausible that the Notice was sent induce payment by a debtor.

At the outset, the Notice does not contain any reference to the alleged

14

"debt." (Doc. 3, pp. 20-24).  Also, the Notice does not ask Plaintiff to make a payment, direct her on how to make a payment, or even provide the outstanding balance of the alleged debt.  (Id.).  The Notice does not discuss the status of her payment, alternatives to default, nor does it request any financial information from Plaintiff.  (Id.).  Further, the Notice does not identify Green Tree as a debt collector.  (Id.).  Rather, the Notice identifies it as a "[f]inancial compan[y]."  (Id.). The Notice also does not identify Plaintiff as a debtor, but rather as a "consumer" and "customer."  (Id.).  Green Tree also describes the Notice as a "notice."  (Id. at p. 21) ("Who is providing this notice?").  Moreover, the overall layout of the Notice does not weigh in favor of a finding that it was sent to induce a payment by a debtor.  (Id. at pp. 20-24).

It is noteworthy that, while Green Tree does not demand a return response, it does provide the recipient with options as to how they can respond to the Notice. (Id. at p. 20).  However, such a response is optional and solely concerns the Plaintiff's choice to limit the sharing and/or use of her personal information.  (Id.). According to the Notice, if the recipient chooses to exercise her option to limit Green Tree's use and/or sharing of personal information they can communicate that decision by calling a toll free number to speak with a "customer service representative" who will "prompt [them] through" the available choices.  (Id.).

The recipient also has the choice to communicate their decision without speaking to a Green Tree representative.  Specifically, if a consumer wishes to limit Green Tree's sharing they can complete the detachable "Mail-in Form" and mail it to Green Tree's "Privacy Department."  (Doc. 3, p. 20).  Thus, a consumer could respond to the Notice by expressing her choice as to Green Tree's ability to share her personal information simply by communicating solely with Green Tree's "Privacy Department."  (Id.).  Consequently, this portion of the Notice provides further support for a determination that Green Tree was concerned with informing Plaintiff about her rights to limit the sharing/use of her personal information, instead of inducing a payment by a debtor.

Plaintiff's only allegation weighing in favor of finding that it is plausible that an animating purpose of the Notice was to induce some form of payment from Plaintiff is the nature of the parties' relationship.  Specifically, Plaintiff states that she established a debt collector-debtor relationship with Green Tree when her defaulted mortgage was "assigned or transferred" to Green Tree.  (Id. at p. 5). However, discussed in more detail below, this fact, alone, is insufficient to establish that she has plead enough facts to state a claim to relief that is plausible on its face under sections 1692d and 1692e of the FDCPA.

In Olson v. Midland Funding, LLC, 578 F. App'x 248 (4th Cir. 2014), the

United States Court of Appeals for the Fourth Circuit addressed the issue presently at bar.  Although <u>Olson</u> is not binding precedent, its facts are sufficiently similar to the present circumstances to render it persuasive.

The plaintiff in <u>Olson</u> alleged that the defendant violated section 1692c(a)(2) of the FDCPA by sending a "privacy notice directly to him, knowing that he was represented by counsel." <u>Olson</u>, 578 F. App'x at 251.  Alternatively, plaintiff asserted that, even if the FDCPA does not bar all communications, the privacy notice was a "communication 'in connection with the collection of any debt'" and thus, prohibited by the FDCPA. <u>Id.</u>

The Fourth Circuit Court of Appeals decided not to address plaintiff's first argument because it concluded "that the privacy notice was not a prohibited communication under the FDCPA." <u>Id.</u>  The court reasoned that the absence of a demand for payment, the nature of the parties relationship, and the objective purpose and context of the communication weighed in favor of a finding that the privacy notice at issue was not a communication "in connection with the collection of any debt." <u>Id.</u> (citing <u>Gburek</u>, 614 F.3d at 385; <u>Grden v. Leikin Ingber & Winters PC</u>, 643 F.3d 169, 173 (6th Cir. 2011)).  Specifically, the court stated:

> [w]hile the only relationship between [plaintiff] and [defendant] was that of a debtor and debt collector, this relationship alone is not sufficient to plausibly assert that a

> communication devoid of any reference to [plaintiff's]
> outstanding debt is made in connection with an attempt to
> collect the debt.

Olson, 578 F. App'x at 251.

Similar to the notice in Olson, the Notice here does not demand payment and has an objective purpose. (Doc. 3, pp. 20-23). As the Fourth Circuit found in Olson, it is determined that the aforementioned factors, along with the context of the Notice, weigh in favor of finding that it is not a communication in connection with the collection of any debt. Furthermore, the Fourth Circuit found that the debtor-debt collector relationship, alone, was insufficient to find that the communication constituted debt collection activity. This Court likewise finds that Plaintiff's debtor-debt collector relationship, alone, is insufficient to establish that the Notice is a communication in connection with the collection of a debt.

It should be noted that some courts have held that a privacy rights notice can qualify as a communication sent in connection with the collection of a debt. In Ruth v. Triumph Partnership, 577 F.3d 790 (7th Cir. 2009), a privacy rights notice was sent in an envelope that also contained a collection letter. Id. at 798-99. The United States Court of Appeals for the Seventh Circuit found the fact the privacy rights notice was sent with a collection letter clearly established that it was an attempt to collect a debt and that "any information obtained will be used for

18

that purpose." <u>Ruth</u>, 577 F.3d at 798-99.

In <u>Castro v. Green Tree Servicing, LLC</u>, 959 F. Supp. 2d 698 (S.D.N.Y. 2013), the District Court for the Southern District of New York addressed whether a privacy rights notice sent by Green Tree constituted a communication sent in connection with the collection of a debt. <u>Id.</u> at 712-15. Citing to <u>Ruth</u> as persuasive authority, the District Court held that the privacy rights notice was sent in connection with the collection of a debt. <u>Id.</u> at 715. The court reasoned that because the privacy notice was sent in the same envelope as a collection letter, it was "clearly" an attempt to collect a debt and "that 'any information obtained will be used for that purpose.'" <u>Id.</u>

In <u>Smith v. NCO Financial Systems</u>, 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. 2009), the United States District Court for the Eastern District of Pennsylvania denied the defendant's motion for judgment on the pleadings, which asserted that plaintiff failed to state a claim upon which relief can be granted. <u>Id.</u> at *1. The plaintiff's claims were based, at least in part, on the plaintiff's receipt of defendant's privacy rights notice. <u>Id.</u> at *2. According to the plaintiff, the privacy rights notice violated section 1692e and 1692e(5) of the FDCPA because it threatened to take action that "'cannot legally be taken or that is not intended to be taken.'" <u>Id.</u> at *13. Specifically, the privacy rights notice stated that the debt-

collector could collect non-public information about the consumer from employers and others to verify the information submitted by the debtor. <u>Smith</u>, 2009 U.S. Dist. LEXIS 51576, at *11-12. The District Court found that plaintiff adequately alleged a violation of section 1692e and 1692e(5) of the FDCPA. In reaching this conclusion, the District Court found that it was sufficiently alleged that the privacy notice was a communication sent in connection with the collection of a debt. <u>Id.</u> at *12. Notably, similar to the circumstances in <u>Ruth</u> and <u>Castro</u>, the privacy rights notice in <u>Smith</u> was sent in the same envelope as a collection letter. <u>Id.</u> at *2.

The present circumstances are distinguishable from those in <u>Ruth</u>, <u>Castro</u>, and <u>Smith</u>. Here, Plaintiff does not allege that the Notice was sent in the same envelope as a collection letter, or any other documents. (Doc. 3). Consequently, the Notice here constitutes the sole basis for Plaintiff's claims that Green Tree violated sections 1692d and 1692e of the FDCPA.

As a result of the foregoing, this Court rejects as implausible the claim that an animating purpose of the Notice was to induce payment by Plaintiff. Thus, Green Tree's mailing of the Notice to Plaintiff does not qualify as a violation of section 1692d or 1692e of the FDCPA because it was not sent in connection with the collection of a debt. As a result, Defendant's motion to dismiss Plaintiff's claims raised under section 1692d and 1692e of the FDCPA will be granted, and

these claims will be dismissed.  Furthermore, because granting leave to amend

these claims would be futile, they will be dismissed without leave to amend.

**B.**     **Green Tree's Alleged Communication with an Unauthorized Third-Party**

Plaintiff's remaining claim alleges that Green Tree violated section

1692c(b) of the FDCPA when it shared her personal information with an

unauthorized third party.  (Doc. 3, p. 7).  With regard to communication with third

parties, the FDCPA provides:

> Except as provided in section 1692b of this title, without the
> prior consent of the consumer given directly to the debt
> collector, or the express permission of a court of competent
> jurisdiction, or as reasonably necessary to effectuate a post
> judgment judicial remedy, a debt collector may not
> communicate, in connection with the collection of any debt,
> with any person other than the consumer, his attorney, a
> consumer reporting agency if otherwise permitted by law, the
> creditor, the attorney of the creditor, or the attorney of the debt
> collector.

15 U.S.C. § 1692c(b); see Shand-Pistilli v. Prof'l Account Servs., Inc., 2010 U.S.

Dist. LEXIS 75056, at *9 (E.D. Pa. 2010) ("The FDCPA prohibits debt collectors

from communicating with third parties 'in connection with the collection of any

debt' except as to acquire 'location information.'") (quoting 15 U.S.C. §

1692c(b)).

According to the Notice, which Plaintiff received in August 2014, Green

Tree can begin to share a new customer's information thirty (30) days from the date the Notice was sent.  (Doc. 3, pp. 6, 20, 23).  At the conclusion of this thirty (30) day period, Green Tree can begin to share the following information regarding the new customer: Social Security number, income, account balances, payment history, credit history, and credit scores.  (Id.).  While a customer can limit some of Green Tree's sharing, they cannot stop Green Tree from sharing this information with "other financial companies" for "joint marketing" purposes. (Id.).  The Notice defines "joint marketing" as a "formal agreement between non-affiliated financial companies that together market financial products or services" to the customer.  (Id. at p. 21).  The Notice states that Green Tree's joint marketing partners "include providers of financial services or insurance, such as mortgage bankers or insurance companies and agents; and non-financial companies, such as retailers, direct marketers or contractors."  (Id.).  The Notice states that Green Tree's joint marketing partners "include providers of financial services or insurance, such as mortgage bankers or insurance companies and agents; and non-financial companies, such as retailers, direct marketers or contractors."  (Id. at p. 20).

Accepting all factual allegations as true and construing all inferences in the light most favorable to the non-moving party, it is entirely plausible that Green

Tree's communication with an unauthorized third party constitutes a communication in connection with the collection of a debt.  See Simon, 732 F.3d at 266 (Third Circuit "noted that a 'communication' need only convey "'information regarding a debt" and is not limited to specific requests for payment.'") (quoting Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 n.5 (3d Cir. 2011)).  Green Tree allegedly gave an unauthorized third party Plaintiff's personal and financial information regarding the debt in order for that unauthorized third party to market financial products or services to Plaintiff. (Doc. 3, pp. 7, 20-22).  Thus, it is plausible that an animating purpose of Green Tree's communication with an unauthorized third party at issue was to induce Plaintiff into using such products or services in relation to a future payment on the debt.

Furthermore, the sharing of personal information with an unauthorized party is the type of conduct that the FDCPA was enacted to eliminate.  15 U.S.C. § 1692(a) (Congress identified "invasions of individual privacy" as an "abusive practice" used by debt collectors).  Moreover, such a reading of the amended complaint and the FDCPA comports with the Third Circuit's guidance regarding the FDCPA as "'remedial legislation.'"  Douglass, 765 F.3d at 302 (quoting Caprio, 709 F.3d at 148).  According to the Third Circuit, the FDCPA's status as

remedial legislation requires that courts broadly construe it in order to give full effect to its purposes.  <u>Douglass</u>, 765 F.3d at 302; <u>see</u> <u>Smith</u>, 2009 U.S. Dist. LEXIS 51576, at *6.

As a result of the foregoing, Plaintiff's allegations sufficiently nudge her section 1692c(b) claim across the line from conceivable to plausible, <u>Twombly</u>, 550 U.S. at 570, to warrant a denial of Green Tree's motion to dismiss regarding Plaintiff's section 1692c(b) claim.  Put another way, Plaintiff's section 1692c(b) claim is sufficient to, at the very least, raise a right to relief above the speculative level at this very early stage of the litigation.  Further, Plaintiff has alleged "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' necessary elements of the plaintiff's cause of action." <u>Suessenbach</u> <u>Family</u>, 2015 U.S. Dist. LEXIS 40900, at *2-3 (quoting <u>Twombly</u>, 550 U.S. at 544).  Consequently, it is determined that Green Tree has not established that Plaintiff has failed to state a claim for relief under section 1692c(b) of the FDCPA. Thus, Green Tree's motion to dismiss Plaintiff's claim under section 1692c(b) of the FDCPA will be denied.

### C.    **Plaintiff's Request for Leave to Amend Complaint**

Plaintiff's brief in opposition also seeks leave to amend her complaint. (Doc. 13, pp. 1, 4).  Specifically, Plaintiff asserts in her brief in opposition that

she:

> may have additional causes of action related to Defendant's
> failure to comply with the National Mortgage Settlements,
> <u>United States v. Bank of America, et. al.</u>, U.S. District Court
> for the District of Columbia, 12-cv-00361, and requests leave
> to amend the Complaint in lieu of those possible claims.

(Doc. 13, p. 4).

Plaintiff was entitled to amend her complaint "as a matter of course" within twenty-one (21) days after service of the motion to dismiss at issue. FED. R. CIV. P. 15(a)(1)(B). However, Plaintiff failed to amend her complaint within the time allowed under Rule 15(a)(1)(B), and now can only do so with the opposing party's written consent or leave of court. FED. R. CIV. P. 15(a)(2).

Plaintiff's attempt to obtain leave to amend her complaint is improper. Failure to attach a draft amended complaint "'is fatal to a request for leave to amend.'" <u>United States ex rel. Zizic v. Q2Administrators, LLC</u>, 728 F.3d 228, 243 (3d Cir. 2013) (quoting <u>Fletcher-Harlee Corp.</u>, 482 F.3d at 252). Here, Plaintiff made her request without attaching a draft amended complaint. (Doc. 13). Thus, Plaintiff's request for leave to amend will be denied.

## IV.   <u>CONCLUSION</u>

In light of the foregoing, Green Tree's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be denied in part and granted in part.

Specifically, Green Tree's motion to dismiss Plaintiff's claim that Green Tree violated sections 1692d and 1692e of the FDCPA will be granted.  While Green Tree's motion to dismiss Plaintiff's claim that it violated section 1692c(b) of the FDCPA will be denied.  Lastly, Plaintiff's request for leave to amend her complaint will be denied.

A separate Order will be issued.


DATE: July 14, 2015                         /s/ William J. Nealon
                                            **United States District Judge**