## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY ANN T. VENECHANOS,    :
            Plaintiff    :    CIVIL ACTION NO. 3:14-CV-2268
                        :    (Judge Nealon)
        v.    :
                        :
GREEN TREE SERVICING, LLC,    :
ET AL.,    :
            Defendants    :

## MEMORANDUM

On November 27, 2014, the above captioned action was filed by Plaintiff,

Mary Ann T. Venechanos, against Defendants Green Tree Servicing, LLC ("Green

Tree") and "X,Y,Z Corporations," alleging that Defendants violated the Fair Debt

Collection Practices Act,15 U.S.C. § 1692, et seq. ("FDCPA").  (Doc. 1).  The

action proceeds via an amended complaint also filed on November 27, 2014.

(Doc. 3).

      Plaintiff alleges that Green Tree violated sections 1692c, 1692d, and 1692e

of the FDCPA.  (Id. at pp. 5-8).  On March 5, 2015, Green Tree filed a motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 8).  By

Memorandum and Order dated July 14, 2015, Green Tree's motion was granted as

to Plaintiff's claims under sections 1692d and 1692e, and denied as to Plaintiff's

claim under 1692c.  (Docs. 16-17).  On July 28, 2015, Green Tree filed its answer

to Plaintiff's amended complaint.  (Doc. 18).

On February 29, 2016, Green Tree filed a motion for summary judgment, brief in support, and a statement of material facts.  (Docs. 26-28).  Pursuant to the Local Rules, Plaintiff's opposition to Defendant's motion was due on or before March 21, 2016.  See M.D. Pa. L.R. 7.6.  However, Plaintiff did not file her opposition prior to the expiration of that deadline.  Rather, on March 23, 2016, Plaintiff filed a motion for an extension of time to file a response to Defendant's motion for summary judgment.[1]  (Doc. 29).  On March 24, 2016, Defendant filed a brief in opposition to Plaintiff's motion for an extension of time.  (Doc. 30).  Plaintiff did not file a reply as allowed under the Local Rules.  See M.D. Pa. L.R. 7.7.  On April 25, 2016, the Court denied Plaintiff's motion for an extension of time.  (Doc. 31).  To date, Plaintiff has failed to file an opposition to Green Tree's motion for summary judgment, or any other motions seeking an extension of time to file such.  For the reasons stated below, Green Tree's motion for summary judgment will be granted and judgment will be entered in its favor.

## I.   **STANDARD OF REVIEW**

Summary judgment "should be rendered if the pleadings, the discovery and

---

[1] Plaintiff's motion for an extension of time to file a response to Defendant's motion for summary judgment consists of one (1) paragraph, which reads, in its entirety, that "Plaintiff requests an additional 14 days to file a response to Defendant's motion for summary judgment." (Doc. 29).  As such, Plaintiff failed to satisfy the "good cause" standard set forth in Federal Rule of Civil Procedure 6(b)(1)(B).

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once this showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).  "In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by 'showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" Shank v. Experian Info. Solutions, Inc., 2016 U.S. Dist. LEXIS 2679, at *1 (M.D. Pa. Jan. 11, 2016) (Jones, J.).  All inferences "should be drawn in the light most favorable to the nonmoving party, and where the nonmoving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Pastore v. Bell Tel. Co., 24 F.3d 508, 512 (3d Cir. 1994) (quoting Big Apple BMW, Inc. v. BMW of North Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)).  "Where there is no material fact in dispute, the moving party

need only establish that it is entitled to judgment as a matter of law." <u>Ward v.</u>

<u>Noonan</u>, 2015 U.S. Dist. LEXIS 158959, at *21 (M.D. Pa. 2015) (Caputo, J.)

(citing <u>Edelman v. Comm'r of Soc. Sec.</u>, 83 F.3d 68, 70 (3d Cir. 1996)).

## II.   <u>STATEMENT OF FACTS</u>

"A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall

be accompanied by a separate, short and concise statement of the material facts . . .

as to which the moving party contends there is no genuine issue to be tried." <u>See</u>

M.D. Pa. L.R. 56.1. "The opposing party shall file a separate statement of the

material facts as to which it is contended that there exists a genuine issue to be

tried." <u>West v. Varano</u>, 2015 U.S. Dist. LEXIS 56574, at *3 (M.D. Pa. April 30,

2015) (Jones, J.) (citing M.D. Pa. L.R. 56.1). "All material facts set forth in the

statement required to be served by the moving party will be deemed to be admitted

unless controverted by the statement required to be served by the opposing party"

M.D. Pa. L.R. 56.1. Plaintiff has not filed an opposition to Green Tree's motion

for summary judgment. Because Plaintiff has not opposed Green Tree's statement

of material facts, all facts contained therein are deemed admitted. <u>Id.</u>

Based on the foregoing, the facts relevant to the instant motion for summary

judgment as set forth in Green Tree's statement of material facts and supporting

exhibits, <u>see</u> (Doc. 27), are as follows:

4

During August 2014, Plaintiff received a form privacy notice ("Notice"), which detailed her privacy rights under federal law and ability to limit the sharing of her personal information.  (Doc. 27, p. 1).  The Notice indicated that Green Tree could share Plaintiff's personal information "for joint marketing with other financial companies."  (Id.).  The Notice defines "joint marketing" as "a formal agreement between non-affiliated financial companies that together market financial products or services to you."  (Id.).  According to the Notice, "joint marketing partners include providers of financial services or insurance, such as mortgage bankers or insurance companies and agents; and non-financial companies, such as retailers, direct marketers or contractors."  (Id. at p. 2).  The Notice also indicated that Plaintiff could not limit Green Tree's sharing of Plaintiff's personal information "for joint marketing with other financial companies."  (Id. at p. 1).

Richard Vines, a Director of Collections with Green Tree, reviewed all of Green Tree's records regarding Plaintiff's loan and determined that Green Tree has not communicated with any third parties in connection with the collection of any debt concerning Plaintiff.  (Doc. 27-3, pp. 1-2).  Moreover, Vines affirmed that "no information concerning [Plaintiff's] loan or [Plaintiff] was shared with any financial company or other third party based upon my review of [Plaintiff's]

loan file." (Doc. 27-3, p. 2).

## III.   DISCUSSION

A.   Green Tree's Motion for Summary Judgment

Congress enacted the FDCPA in 1977:

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).  "These abusive debt collection practices, Congress found, lead to personal bankruptcies, marital instability, the loss of jobs, and . . . 'invasions of individual privacy.'"  Douglass v. Convergent Outsourcing, 765 F.3d 299, 302 (3d Cir. 2014) (citing 15 U.S.C. § 1692(a)).  "'[T]he invasion of privacy,' we recently explained, is 'a core concern animating the FDCPA.'"  Evankavitch v. Green Tree Serv., LLC, 793 F.3d 355, 360 (quoting Douglass, 765 F.3d at 303; citing 15 U.S.C. § 1692(a)).  "One way Congress addressed this concern was to 'prohibit[] a debt collector from communicating with third parties about the consumer's debt.'"  Id. (quoting Edwards v. Niagra Credit Solutions, Inc., 584 F.3d 1350, 1353 (11th Cir. 2009)).

Plaintiff's remaining claim alleges that Green Tree "violated [section 1692c(b)] of the FDCPA by sharing plaintiff's personal information 'for joint

6

marketing with other financial companies.'" (Doc. 3, p. 7).  Section 1692c(b) "provides that '[e]xcept as provided in section 1692b of this title [relating to obtaining location information] . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer[.]'"  <u>Gomez v. Oxford Law, LLC</u>, 2015 U.S. Dist. LEXIS 345, at *8 (M.D. Pa. 2015) (Munley, J.) (citing 15 U.S.C. § 1692c(b)).  Thus, to make out a successful claim under section 1692c(b), it must be established that the debt collector actually communicated[2] with a third party.  <u>See</u> 15 U.S.C. § 1692c(b).

Here, however, the undisputed evidence establishes that Green Tree has not communicated with a third party in connection with the collection of any debt concerning Plaintiff.  (Doc. 27-3, pp. 1-2).  More specifically, the record establishes that "no information concerning the [Plaintiff's] loan or [Plaintiff] was shared with any financial company or other third party . . . ."  (<u>Id.</u> at p. 2).  Therefore, inasmuch as there is no genuine issue of material fact regarding Green Tree's lack of communication with a third party concerning Plaintiff or her loan, Green Tree is entitled to judgment as a matter of law on Plaintiff's remaining claim under section 1692c.  Consequently, Green Tree's motion for summary

---

[2]  The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2).

judgment will be granted and judgment will be entered in its favor.

      B.    <u>Defendants X,Y,Z, Corporations</u>

As a result of the foregoing, the only remaining defendants in this action are

X,Y,Z Corporations.  <u>See</u> (Doc. 3).  To date, the record does not reflect that

Plaintiff has properly identified or served "X,Y,Z Corporations."  Approximately a

year and five (5) months has passed since Plaintiff filed her amended complaint in

the above-captioned action.  <u>See</u> (<u>Id.</u>).  Thus, the time for service pursuant to

Federal Rule of Civil Procedure 4(m) has expired.  Moreover, none of the "X,Y,Z

Corporations" has had an attorney enter an appearance on their behalf.  Therefore,

it appears that Plaintiff "has abandoned the action against these unidentified

corporate defendants."  <u>Shank</u>, 2016 U.S. Dist. LEXIS 2679, at *8-9.

Consequently, in accordance with Federal Rule of Civil Procedure 4(m), Plaintiff

will be directed to show cause within fourteen (14) days of the date of this

Memorandum and accompanying Order as to why "X,Y,Z Corporations" should

not be dismissed from the above-captioned action.  <u>Id.</u> at *9 (citing <u>Mei Ling Liu

v. Oriental Buffet</u>, 134 F. App'x 544, 546-47 (3d Cir. 2005)); <u>see</u> FED. R. CIV. P.

4(m).

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Green Tree's motion for summary judgment, (Doc.

26), will be granted and judgment will be entered in its favor.  Also, the Court will direct Plaintiff to show cause within fourteen (14) days from the date of this Memorandum and accompanying Order as to why Defendants "X,Y,Z Corporations" should not be dismissed from this matter pursuant to Federal Rule of Civil Procedure 4(m).

A separate Order will be issued.

Date: May 25, 2016                              /s/ William J. Nealon
                                                **United States District Judge**